## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN MARTIN,

    Petitioner,

    v.

BRIAN FROSH,
STATE OF MARYLAND,

    Respondents.

Civil Action No.: JKB-19-2341

### MEMORANDUM OPINION

This petition for writ of habeas corpus, filed by counsel on behalf of petitioner Steven Martin, seeks review of the legal propriety of requiring petitioner to permanently register as a sex offender. ECF 1. Respondents' limited answer seeks dismissal of the petition on procedural grounds. ECF 6. No hearing is necessary to aid the court in its analysis. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons stated below, the petition shall be denied and a certificate of appealability shall not issue.

On July 9, 2007, petitioner Steven Martin entered a guilty plea in the Circuit Court for Baltimore County, Maryland on charges of child abuse by a parent, as prohibited by Md. Code Ann., Crim. Law § 3-601, formerly Md. Ann. Code, Art. 27 § 32C. The court imposed a suspended sentence of fifteen years with five years of unsupervised probation. The court additionally required Martin to register as a sex offender for a period of ten years. ECF 1 at 1-2. The underlying facts of Martin's offense involved tricking his minor granddaughter into fellating him by telling her his penis was a mushroom. *Id.* at 2, ¶ 3.

Martin asserts that "years after the plea and sentencing, federal law was enacted . . . which requires 'lifetime registration' of sex offenses similar to conduct plead to by Petitioner." *Id.* at 2, ¶ 4.   According to Martin, Maryland's new lifetime registration requirement is applied retroactively to him because he was on probation supervision at the time the new law was passed, and because the requirement is statutory, it cannot be altered by the sentencing court. *Id.* at ¶ 6. Martin filed a motion to correct illegal sentence in the Circuit Court for Baltimore County, which was denied by order dated July 13, 2012. *Id.* at ¶ 8; *see also* ECF 2 at 1-2. He maintains that the lifetime registration as a sex offender is illegal because it was not required at the time he was sentenced by the state court. ECF 1 at 3, ¶ 9.

Respondents explain that at the time Martin was sentenced, Md. Code Ann., Crim. Proc. § 11-707(a)(4) required him to register as a sex offender for ten years. The law was then amended effective October 1, 2010 to require all persons convicted of child sexual abuse to register as a sex offender for life. *See* 2010 Md. Laws Ch. 174 (eff. Oct. 1, 2010), codified at Md. Code Ann., Crim. Proc. §§ 11-701(q)(1)(ii); 11-707(a)(4)(iii).  Maryland's amended law was part of a larger piece of legislation aimed at bringing the state's law into compliance with the federal Sex Offender Registration and Notification Act, and applied retroactively to anyone then serving probation or otherwise already subject to registration. *See* Md. Code Ann., Crim. Proc. § 11-702.1(a).

Respondents assert that the merits of Martin's claim—that the lifetime registration requirement violates the Ex Post Facto clause of the Fourteenth Amendment—may not be reached by this court because he is no longer in custody, his claim is unexhausted, and the petition is time-barred. ECF 6. In support, they provide additional procedural history.

Martin's conviction became final as of August 8, 2007, after the time for filing an application for leave to appeal expired—which was 30 days after his guilty plea was accepted. *See*

Md. Rule 8-204(b)(1). Two years later, on July 20, 2009, Martin filed a motion to modify the terms of his probation, which was granted on August 7, 2009, allowing Martin to visit his victimized granddaughter under limited conditions. *See* ECF 2 at 13. A second amended probation order, issued on October 24, 2010, imposed conditions on Martin's visitation with the victim's siblings. *Id.* at 12.

On May 24, 2012, Martin filed a motion to correct an illegal sentence and argued that the court's order requiring him to register as a sex offender was illegal because a recodification of the criminal code suggested his conviction no longer qualified for registration. ECF 2 at 7, ¶¶ 3-5. He also sought a declaratory judgment seeking clarification that his duty to register as a sex offender expired when his probation ended. *Id.* at ¶ 6.

Although Martin's five-year probationary term ended on July 8, 2012, the state court held a hearing on July 11, 2012 on his motion to correct an illegal sentence and request for declaratory judgment. ECF 6-1 at 1. The court issued an order denying relief, stating that Martin's sentence was not illegal and that his obligation to register as a sex offender was a statutorily mandated condition of probation. ECF 2 at 1. The court declined to rule on the request for declaratory judgment because a criminal court is prohibited from entering what amounts to a civil judgment. *Id.* (citing *Sinclair v. State*, 199 Md. App. 130, 139 (2011)). Since the state court's July 13, 2012 order denying relief, Martin has filed nothing further, until the instant petition for writ of habeas corpus was filed on August 15, 2019.

Under 28 U.S.C. § 2254(a), federal habeas relief is available to a prisoner who is "in custody." When a sentence has expired, federal habeas relief is unavailable, even if the expired sentence enhanced a sentence that has not yet expired. *See Lackawanna Cty. Dist. Attorney v. Cross*, 532 U.S. 394, 401-02 (2001). "We have interpreted the statutory language as requiring that

3

the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). When a habeas petitioner is not in custody, this Court does not have jurisdiction to award relief on the alleged errors in the conviction. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (writ of coram nobis unavailable in federal courts for attack on state criminal judgment); *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842, 843 (10th Cir. 1962); *In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) (unpublished). The requirement to register as a sex offender is a collateral consequence of a conviction, independently imposed as a result of Martin's status as a convicted sex offender. *See Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012). Thus, the continued requirement for Martin to register as a sex offender does not suffice as custody for the purpose of invoking this court's subject-matter jurisdiction. Federal habeas relief is unavailable where, as here, the court does not have jurisdiction to consider the claim asserted.

Because this court finds that it is without the necessary jurisdictional authority to consider Martin's petition, the remaining claims raised by respondents will not be considered. The petition will be dismissed for want of jurisdiction. Further, a certificate of appealability shall not issue, as Martin cannot demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Martin may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See*

4

*Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

Dated this ___13___ day of November, 2020.

FOR THE COURT:

James K. Bredar
Chief Judge